UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CSC, a minor, by his parents and next friends, PATOYA BRYANT and SEAN COBBS, and PATOYA BRYANT and SEAN COBBS, individually,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2010-cv-0910-DRH-SCW<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER APPROVING SETTLEMENT AND DISMISSAL OF CLAIMS

Cause called on Joint Motion for Good Faith Finding of Settlement Agreement and Release of All Claims. Plaintiffs, CSC, a Minor, By His Parents and Next Friends, Patoya Bryant and Sean Cobbs, and Patoya Bryant and Sean Cobbs, Individually (collectively "Plaintiffs"), appear by their attorney, Robert Baizer. Defendant, Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale ("SIH"), appears by its attorney, Michelle M. Drake. All parties announce their consent to the Motion for Good Faith Finding and for other orders. Evidence adduced.

On the basis of the evidence adduced, the pleadings and the records on file, the Court makes the following findings, conclusions and orders:

1. Plaintiffs claim that CSC, a minor, sustained certain injuries in July 2009, as a result of the alleged negligence of SIH and the United States of America.

2. The Court finds that plaintiffs have been advised of their right to a jury trial against SIH. Plaintiffs waive that right and ask this Court to approve a settlement with SIH.

3. The Court finds that the Settlement Agreement and Release of All Claims ("Agreement") that has been agreed to by plaintiffs, is fair and reasonable and in the best interests of plaintiffs. The Court finds the settlement to have been made in good faith after an

arms-length negotiation. Pursuant to the terms of the Agreement, the Court orders the total settlement between plaintiffs and SIH to be in a confidential amount as is reflected in the Agreement executed by plaintiffs. The Court concludes and orders that the Agreement be binding upon plaintiffs and SIH. The Court further orders that the Agreement shall be a bar to any other action by plaintiffs against SIH and its parents, subsidiaries, affiliated companies, predecessors, successors, officers, employees, agents, assigns, insurers and all other associated persons, firms, trusts, insurance companies, and corporations, relative to the matters set forth in Plaintiffs' Complaint.

4. The Court further orders that Counts 9, 10, 13 and 14 of the plaintiffs' Complaint are dismissed with prejudice. Each party to bear their respective costs.

5. The Court further orders that SIH is discharged from any and all liability to any person or entity, including any other alleged tortfeasor, by virtue of the provisions of the Joint Tortfeasor Contribution Act of Illinois, 740 ILCS 100/2(c) and (d).

6. Plaintiffs' claims and causes of action against the remaining defendant are not dismissed by this Order.

Digitally signed by David R. Herndon
Date: 2012.07.09 09:39:10 -05'00'

Chief Judge
United States District Court

DATED: July 9, 2012