# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CSC, a minor, by his parents and
next friends, PATOYA BRYANT and
SEAN COBBS, and PATOYA BRYANT,
and SEAN COBBS, individually,**

**Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                        **No. 10-0910-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiffs' Bill of Costs (Doc. 112).   Specifically, plaintiff asks for $13,561.10 in costs which include: (1) $550.00 for fees of the Clerk; (2) $12,136.10 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (3) $875.00 for witnesses. Defendant objects to only the $640 mileage fee charge for the witnesses, Atkinson, Hunsaker, Burns and Roach (Doc. 118).

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ..." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).   There is a presumption in favor of the award of costs, and in order to overcome that presumption, "the losing

party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir. 1991)).   Thus, Rule 54(d)(1) establishes "a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006).   The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see also, Riveria*. 469 F.3d at 634.

Although the prevailing party is, thus, presumptively entitled to costs, not all of the costs of litigation are recoverable. "[A] district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs."   *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness and printing fees and expenses, (4) fees for copies or papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920.   Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable.   *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

Further, 28 U.S.C. § 1924 requires that the party filing the bill of costs verify the claimed items by attaching an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."   Plaintiffs did so in this case.

As to the costs that defendants do not object to the Court has reviewed those costs and finds them to be reasonable.   Thus, the Court **AWARDS** plaintiffs $550.00 for fees of the Clerk and $12,136.10 for fees printed or electronically recorded transcripts.

Lastly, plaintiffs seek $875.00 in costs associated with witnesses fees pursuant to 28 U.S.C. 1920(3) and 28 U.S.C. § 1821. Specifically, plaintiffs ask for $200.00 for each of the following witnesses: Johna Atkinson, Sadie Hunsaker, Megan Burns and Nicole Roach.   Plaintiffs seek $40.00 for attendance and $160.00 mileage for their travel to the depositions.   Plaintiffs also ask for $75.00 for Cirilo Sotelo-Avila, MD.   Defendants argue that plaintiffs cannot recover the $160.00 for each witnesses' mileage fee under 28 U.S.C. § 1821(b).   The Court agrees with defendants.

With the exception of court-appointed expert witnesses, witness fees are limited to $40.00 per day of attendance at trial or deposition as well as expenses incurred for travel and subsistence.   28 U.S.C. §1821(c)(2) provides:

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704, title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.

Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

Clearly, plaintiffs are not entitled to the $160.00 for each witness for mileage fees. Plaintiffs did not make an attempt to calculate the actual mileage for the witnesses.   However, plaintiffs are entitled to recover some mileage costs. According to the GSA's website, the federal government's privately owned vehicle mileage reimbursement rate for 2013 was $0.56 per mile.   Using that number and the mileage contained in the government's objection, the Court finds that plaintiffs are entitled to the following fee for mileage:   $3.92 for Atkinson; $6.16 for Hunsaker; $14.00 for Burns; and $12.32 for Roach.   Thus, the Court **AWARDS** $271.40 total for the attendance of the witnesses at the depositions which includes attendance fees and the mileage fees for all witnesses.

Accordingly, the Court **GRANTS in part** and **DENIES in part** plaintiffs' Bill of Costs.   The Court **AWARDS** plaintiff $12,957.75 in costs.

**IT IS SO ORDERED.**

Signed this 29th day of January, 2014.

Digitally signed by
David R. Herndon
Date: 2014.01.29
15:06:58 -06'00'

**Chief Judge**
**United States District Court**